UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>U.F.C. GYM PLACERVILLE FACILITY,<br><br>Defendant. | No. 2:22-cv-0365 JAM DB PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Jean Marc Van den Heuvel is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains about a billing dispute with the defendant gym. (Compl. (ECF No. 1) at 4.)

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's complaint be dismissed without prejudice.

**I.     Plaintiff's Application to Proceed In Forma Pauperis**

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

1

1    2000) (en banc).  Plaintiff's in forma pauperis application makes the financial showing required

2    by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in

3    forma pauperis status does not complete the inquiry required by the statute.

4    "'A district court may deny leave to proceed in forma pauperis at the outset if it appears

5    from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v.

6    Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust,

7    821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services,

8    584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying

9    McGee's request to proceed IFP because it appears from the face of the amended complaint that

10   McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir.

11   1965) ("It is the duty of the District Court to examine any application for leave to proceed in

12   forma pauperis to determine whether the proposed proceeding has merit and if it appears that the

13   proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in

14   forma pauperis.").

15   Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

16   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

17   state a claim on which relief may be granted, or seeks monetary relief against an immune

18   defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

19   arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

20   Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

21   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

22   factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

23   **II.     Plaintiff's Complaint**

24   Jurisdiction is a threshold inquiry that must precede the adjudication of any case before

25   the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d

26   1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate

27   only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,

28   377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).  "Federal courts are presumed

to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

////

////

Here, the complaint asserts that the court has federal question jurisdiction.[1] In this regard, the complaint alleges that the defendant refused to "brew coffee" in violation of a "previously entered in contract[.]" (Id. at 3.) Defendant also "has the authority by previous owners extractions of monetary payments unknown" to plaintiff "as there are no billing statements or records of gym membership costs[.]" (Id. at 4.)

A litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The allegations found in the complaint, however, do not, and could not, allege that the defendant acted under the color of state law. In this regard, the defendant is a as private business, not a state actor. "'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, (1999)).

**III.    Leave to Amend**

For the reasons stated above, plaintiff's complaint should be dismissed. The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim over which the court would have jurisdiction and upon which relief can be granted. Valid reasons for

---

[1] The complaint alleges that both plaintiff and defendant are citizens of California and, thus, diversity jurisdiction is absent. (Compl. (ECF No. 1) at 1-2.)

4

1  denying leave to amend include undue delay, bad faith, prejudice, and futility." California

2  Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also

3  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)

4  (holding that while leave to amend shall be freely given, the court does not have to allow futile

5  amendments).

6    Here, given the deficiencies noted above the undersigned finds that granting plaintiff leave

7  to amend would be futile.

## CONCLUSION

9    Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

10    1.  Plaintiff's February 25, 2022 application to proceed in forma pauperis (ECF No. 2) be

11  denied;

12    2.  Plaintiff's February 25, 2022 complaint (ECF No. 1) be dismissed without prejudice;

13  and

14    3.  This action be closed.

15    These findings and recommendations will be submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

17  days after being served with these findings and recommendations, plaintiff may file written

18  objections with the court.  A document containing objections should be titled "Objections to

19  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

20  objections within the specified time may, under certain circumstances, waive the right to appeal

21  the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  Dated:  April 26, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\heuvel0365.dism.f&rs

5